IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**VINCENT GREGORY DEPIRRO,**
      **Plaintiff,**

vs.                                                                                    Case No. 3:05cv58/MCR/MD

**MICHAEL T. JONES, et al.,**
      **Defendants.**

ORDER and
REPORT AND RECOMMENDATION

**Plaintiff, proceeding *pro se* has filed a civil rights complaint pursuant to 42 U.S.C. §1983.  (Doc. 1).[1]  He has also filed a motion to proceed *in forma pauperis*. (Doc. 2).  Upon review of the complaint, the court concludes that plaintiff has not presented an actionable claim and that dismissal of this action is warranted.  For the limited purpose of dismissal of the complaint, leave to proceed *in forma pauperis* should be granted.**

**Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are**

---

[1]Although plaintiff certified on the complaint form that he both delivered his complaint to prison officials for mailing and deposited the complaint in the prison's internal mail system on January 1, 2005, his complaint is signed and dated January 30, 2005.  The envelope in which the complaint was mailed is postmarked February 22, 2005. The complaint was "Filed" stamped by the clerk of this court on February 23, 2005.

dockets.Justia.com

"indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997). Upon review of plaintiff's complaint, the court concludes that it does not present an actionable claim.

Plaintiff is presently confined at the Escambia County Jail. (Doc. 1, p. 2). He names four defendants in this matter: Escambia County Circuit Court Judge Michael T. Jones, Assistant State Attorney Jennie Kinsey, Assistant Public Defender Scott Tatum, and Escambia County Clerk of Court Ernie Lee Magaha. Plaintiff's claims arise out of his criminal prosecution in Escambia County Circuit Court case numbers 04-3671, 02-5036, 02-4877, and 02-4878. Ms. Kinsey was the prosecuting attorney on those cases, and Mr. Tatum represented plaintiff as defense counsel. Specifically, plaintiff alleges that on November 19, 2004 he entered into a counseled plea agreement in all of the aforementioned cases. Judge Jones accepted plaintiff's pleas the same day, and set the matters for sentencing on December 9, 2004. According to plaintiff, on December 9, 2004 Judge Jones announced that he did not accept plaintiff's plea in case number 04-3671 and that he was severing that case from the plea agreement. Plaintiff asserts that this violated his constitutional rights, demonstrated prejudice on the part of Judge Jones, and warranted Judge Jones' recusal. Plaintiff faults Public Defender Tatum for failing to immediately file a motion to disqualify Judge Jones and for failing to "judicially challenge[ _ ] the violation of the defendant's rights by prejudice by procedure of 'habeas corpus ad subjiciendum delictum.'" (Doc. 1, p. 7B). Plaintiff further asserts Assistant State Attorney Kinsey, having witnessed the violation of plaintiff's rights and knowing that the state did not

have a prima facie case of guilt against him, should have either withdrawn from prosecution or requested a stay pending review of the alleged constitutional violations. Plaintiff states he sought redress of the constitutional violations by filing a petition for writ of habeas corpus with Clerk of Court Magaha; however, the Clerk refused to file plaintiff's petition. (*Id.*, pp. 7B-7C). Claiming violations of the Eight Amendment's Excessive Bail Clause and of his rights to due process, equal protection and the effective assistance of counsel, plaintiff seeks the following: "[T]otal relief begin[n]ing with case number 04-3671 and pr[o]ceeding with the remaining cases included here, specifically relief from incarceration, convictions of record and any further or successive prosecution relating to any of the cases or offenses . . . total discharge." (Doc. 1, p. 8A).

The court takes judicial notice of the Escambia County Circuit Court's records in case numbers 04-3671, 02-5036, 02-4877, and 02-4878. Those court records reveal that on January 31, 2005 plaintiff was convicted, pursuant to a counseled no contest plea, to Fraud - Failure to Redeliver Hired or Leased Property, in case number 04-3671. *See* www.clerk.co.escambia.fl.us. He was sentenced on February 18, 2005 to 30 months in state prison to run concurrently with the sentence imposed in case number 02-4877. The court records further reveal that on February 18, 2005 plaintiff was convicted of violation of probation in case number 02-4877. His probation was revoked and he was sentenced to 30 months in state prison. On the same date, plaintiff was convicted of violation of probation in case number 02-5036. His probation was revoked and he was sentenced to thirty months in state prison to run concurrently with the sentence imposed in case number 02-4877. On the same date, plaintiff was convicted of violation of probation in case number 02-4878. His probation was revoked and he was sentenced to thirty months in state prison to run concurrently with the sentence imposed in case number 02-4877. *See* www.clerk.co.escambia.fl.us.[2]

---

[2] The docket sheet in each case further reveals that on January 19, 2005 the Clerk of Court filed a pro se petition for writ of habeas corpus submitted by plaintiff.

*Case No: 3:05cv58/MCR/MD*

**Although plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983, he seeks relief in the nature of habeas corpus--he claims his convictions violate his constitutional rights and seeks immediate release.  The Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."  Thus, when a state prisoner, though asserting jurisdiction under the Civil Rights Act, is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from such imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser*, 411 U.S. at 500, 93 S.Ct. at 1841.  Regardless of the label plaintiff may place on this action, in order to challenge the validity of his convictions on the grounds that his constitutional rights have been violated, he must pursue his claims through habeas corpus.**

**Accordingly, it is ORDERED:**

**For the limited purpose of dismissal of this complaint, plaintiff's application to proceed *in forma pauperis* (doc. 2) is GRANTED.**

**And it is respectfully RECOMMENDED:**

**That this cause of action be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.**

**At Pensacola, Florida this 1st day of March, 2005.**

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** See **28 U.S.C. § 636;** *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).